UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MICHAEL WAYNE SMITH

       Defendant.
_____/

Case No. 1:02-CR-193

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court on Defendant Michael Wayne Smith's Motion to Compel Specific Performance of an Agreement. After consideration of the motion, the Court finds oral argument unnecessary. W.D. MICH. LCRR 47.

      On January 31, 2003, Defendant was sentenced by this Court to a 125-month term of imprisonment after entering a guilty plea. No written plea agreement was filed with the Court. After sentencing, Defendant was incarcerated in Pennsylvania. Sometime thereafter, Assistant United States Attorney B. René Shekmer ("AUSA Shekmer") ordered Defendant returned to the Western District of Michigan on *writ of habeas corpus ad prosequendum*. The *writ* was ordered to discuss whether Defendant would testify for the Government against another criminal defendant, Anthony Scott. This discussion occurred in May 2004 at the Newaygo County (Michigan) Jail. According to Defendant, at the meeting AUSA Shekmer promised to move for a reduction of Defendant's sentence if he promised to cooperate with the Government. *See* FED. R. CRIM. P. 35(b). AUSA Shekmer asserts she and Defendant merely agreed that the Government would consider making a Rule 35(b) motion if, and only if, Defendant testified against Scott. It is undisputed that the

Government reached a plea agreement with Scott, therefore eliminating any need for Defendant's testimony. Defendant filed this Motion to compel performance of the agreement.

Before addressing Defendant's motion, the Court finds it necessary to observe some preliminary standards that will guide its discussion. A plea agreement is essentially a contract, and as such courts are advised to use traditional principles of state contract law to interpret and enforce them.[1] *U.S. v. Rucker*, 133 Fed. Appx. 187, 190-91 (6th Cir. 2005) (citing *Ricketts v. Adamson*, 483 U.S. 1, 6 n.3 (1987) and *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991)). As noted, the parties negotiated the agreement in Michigan, performance of the agreement was set to occur in Michigan, and thus, the Court finds Michigan law controlling.[2] *See Chrysler Corp. v. Skyline Indus. Servs. Inc.*, 528 N.W.2d 698, 702 (Mich. 1995). Under Michigan law, "[t]he burden is ordinarily on the party relying on a contract to prove that it came into existence," *Strong v. Hercules Life Ins. Co.*, 280 N.W. 55, 57 (Mich. 1938) (citing *Ferguson v. Hemingway*, 38 Mich. 159 (1878)), and he must do so by a preponderance of the evidence. *Salvatore v. City of Harper Woods*, 124 N.W.2d 780, 782 (Mich. 1963). Since Defendant seeks to enforce the agreement, he is saddled with the burden of proving that the agreement existed and that the Government breached it.

Upon review, the Court finds that Defendant cannot satisfy his burden of proof that he agreed with the Government for a Rule 35(b) motion in exchange for his promise to cooperate. The Government customarily reserves discretion to move for a reduction of a defendant's sentence under

---

[1] The Court recognizes that the proffered agreement is not technically a plea agreement in the usual sense—an agreement to plead guilty—but an agreement to cooperate after Defendant's guilty plea had already been entered. However, in this regard, the Court sees no difference in the legal principles controlling a plea agreement and a similar agreement made after a plea is entered.

[2] Neither party has disputed choice of law or in any way argued that Michigan law does not apply.

Rule 35(b) and there is no reasonable suggestion that the Government has not done so here. Therefore, since the Government retained its discretion to make the motion, its refusal to do so is beyond review in the absence of an unconstitutional motive (which is not present here). *See Wade v. United States*, 504 U.S. 181, 185-86 (1992). Furthermore, it is hard to reconcile that the Government merely wanted Defendant to promise to help it when scrutinized within the realities of a criminal prosecution. Defendant's promised cooperation does nothing for the Government whereas his actual testimony can be of some value. The Government sought Defendant's testimony, not his promised cooperation, in exchange for a Rule 35(b) motion. When it did not receive that testimony, it was well within the Government's prerogative not to move for a Rule 35(b) sentence reduction.

**THEREFORE, IT IS HEREBY ORDERED** that Michael Wayne Smith's Motion to Compel Specific Performance of an Agreement (Dkt. No. 47) is **DENIED.**

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>   October 19, 2005 |  /s/ Richard Alan Enslen  <br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |